# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 08-03141-01-CR-S-JCE |
| McCRACKEN HOLDINGS, INC., dba CULLIGAN OF SPRINGFIELD, | ) |
| Defendant. | ) |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the parties described below have entered into the following plea agreement:

**1. The Parties.** The parties to this agreement are the United States Attorney's Office for the Western District of Missouri (otherwise referred to as "the Government" or "the United States"), represented by John F. Wood, United States Attorney, and Robyn L. McKee, Assistant United States Attorney, and the defendant, McCracken Holdings, Inc, dba Culligan of Springfield, Inc. ("the defendant"), represented by John R. Price.

The defendant understands and agrees that this plea agreement is only between it and the United States Attorney for the Western District of Missouri, and that it does not bind any other federal, state or local prosecution authority, or any other government agency, unless otherwise specified in this agreement.

**2. Defendant's Guilty Plea.** The defendant agrees to and hereby does plead guilty to the Information previously filed in this case charging the defendant with a violation of 33 U.S.C.§§ 1317(d) and 1319(c)(1)(A) and (B), that is, the negligent discharge of pollutants into the Springfield

City sewer system. By entering into this plea agreement, the defendant admits that it negligently committed this offense, and is, in fact, guilty of this offense.

   **3. Factual Basis for Guilty Plea.** The parties agree that the facts constituting the offense to which the defendant is pleading guilty are as follows:

   The Clean Water Act ("CWA") is the primary Federal statute addressing water pollution. Its stated purpose is the "restoration and maintenance of the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1311. The CWA and its implementing regulations prohibits the introduction of certain pollutants into a Publicly Owned Treatment Works ("POTW"), including any discharges with a pH balance lower than 5.0, unless the works is specifically designed to accommodate such Discharges.

   The term "POTW" includes any devices and systems used in the storage, treatment, recycling, and reclamation of municipal sewage or industrial wastes of a liquid nature. It also includes sewers, pipes, and other conveyances if they conveyed wastes to a POTW Treatment Plant pursuant to 40 C.F.R. Section 403.3(o). The Springfield Public Works Wastewater Operations system, more commonly known as the Springfield City sewer system, is a POTW as defined at Title 40, Code of Federal Regulation, Section 403.3(o).

   The term "pollutant" refers to substances and materials listed or identified in Title 33, United States Code, Section 1362(6). Cleaning supply waste containing hydrochloric acid and caustic soda and discharges with a pH of less than 5.0 are "pollutants" within the meaning of the CWA, Title 33, United States Code, Section 1362(6).

   From October 12, 2007, to October 24, 2007, said dates being approximate, the defendant, McCracken Holdings, Inc., dba Culligan of Springfield, located in Springfield, Greene County, in the Western District of Missouri, was in the business of cleaning water tanks and resin water filters utilizing a cleaning solution containing hydrochloric acid and caustic soda. As a result, the company's cleaning supply manufacturing waste and related wastewater often had pH levels below 5.0, qualifying it as a "pollutant" pursuant to Title 33, United States Code, Section 1362(6).

   During this same period, the defendant operated an unregistered pre-treatment system at its business location, through which the defendant attempted to neutralize the pH levels of its liquid waste prior to discharge into the Springfield City sewer system. The defendant operated said pre-treatment system without a permit.

2

Therefore, the defendant's pre-treatment system and wastewater discharges were not regulated by federal, state, or local agencies.

During the relevant time period, the defendant often discharged wastewater into the City's sewer lines before the pre-treatment process had sufficiently neutralized the acidic pollutants. This resulted in the discharge of wastewater with pH levels below 5.0 into the City's sewer system. This discharge of pollutants eventually eroded a portion of the sewer lines below the defendant's facility, and resulted in untreated sewage being released into a storm drainage system tributary to the Jordan Creek. The defendant's illegal discharge of pollutants into the City's sewer system was caused by the company's negligent operation of its pre-treatment system.

**4. Use of Factual Admissions.** The defendant acknowledges, understands and agrees that the admissions contained in paragraph 3 and other portions of this plea agreement will be used for the purpose of determining its guilt and appropriate fine to be determined by the Court. The defendant acknowledges, understands and agrees that the other uncharged related criminal activity, may be considered as "relevant conduct" in calculating the appropriate fine.

**5. Statutory Penalties.** The defendant understands that, upon its plea of guilty to the Information charging it with the illegal discharge of pollutants into the Springfield City sewer system, the maximum penalty the Court may impose is a fine of not less than $2,500 and not more than $25,000 per day of violation, a term of probation of not more than five (5) years, an order of restitution, and a $125 mandatory special assessment which must be paid in full at the time of sentencing. The defendant further understands that this offense is a Class A misdemeanor.

The Government and the defendant agree that:

a. Based on the facts of this case, $15,000 is an appropriate fine to be assessed against the defendant. The first $10,000 of said fine will be paid in equal quarterly installments during the first 24 months of probation. If the defendant timely

3

pays the $10,000 within the first 24 months of probation, and it commits no new or additional probationary, criminal, or environmental violations during that period, the remaining $5,000 of the $15,000 fine will be suspended.  Should the defendant incur no new or additional probationary, criminal, or environmental violations during any remaining period of probation imposed by the Court, the remaining $5,000 of the original $15,000 fine will be forgiven.

      b.   A sentence of 3 years of probation is a reasonable and just sentence in this case.  However, it is the mutual understanding and agreement of the parties that if the defendant pays the initial $10,000 portion of the fine within the first 24 months of probation, as outlined above, and the defendant commits no new or additional probationary, criminal, or environmental violations during that 24- month period, the United States will not oppose defendant's request to terminate its probation at the end of said 24-month period.

The defendant also understands and agrees that the Court will enter an order of restitution against it at the time of sentencing in the amount of $18,386.88.  The defendant notes that it has already entered into a settlement agreement with the City of Springfield, Department of Public Works, regarding the payment of restitution for the damages caused in this case.  However, the defendant understands and agrees that an order of restitution will also be entered against it in the instant case, and the payment of restitution will be a condition of any term of probation imposed by the Court.

      **6. Sentencing Procedures.**  The defendant acknowledges, understands and agrees to the following:

a. in determining the appropriate sentence, the Court will consult and consider the United States Sentencing Guidelines promulgated by the United States Sentencing Commission; these Guidelines, however, are advisory in nature. The defendant understands that the United States Sentencing Guidelines relating to the sentencing of organizations do not apply to the imposition of fines for environmental crimes. See U.S.S.G. § 8C2.1 (Commentary-Background);

b. the Court may impose a term of probation of up to five (5) years; that the Court must impose a period of probation of at least one (1) year if probation is imposed. The Court may also impose a fine of not less than $2,500 and not more than $25,000 per day of violation. The Court may also impose restitution and costs of prosecution;

c. the Court is not bound by any recommendation regarding the fine to be imposed; and

d. the defendant may not withdraw its guilty plea solely because of the nature of the sentence imposed by the Court.

**7. Government's Agreements.** Based upon evidence in its possession at this time, the United States Attorney's Office for the Western District of Missouri, as part of this plea agreement, agrees not to bring any additional charges against the defendant for any federal criminal offense related to the unlawful discharge of pollutants for which it has venue and which arose out of the defendant's conduct described above. The United States also agrees to dismiss the Information charge against defendant Allan McCracken in his individual capacity at the time of sentencing. The United States further agrees not to bring any additional charges against the owner or any current or former employees of the defendant, McCracken Holdings, Inc., dba Culligan of Springfield, for any federal criminal offense which arose out of the defendant's conduct described above.

The defendant understands that this plea agreement does not foreclose any prosecution for an act of murder or attempted murder, an act or attempted act of physical or sexual violence against

5

the person of another, or a conspiracy to commit any such acts of violence or any criminal activity of which the United States Attorney for the Western District of Missouri has no knowledge.

The defendant recognizes that the United States' agreement to forego prosecution of all of the criminal offenses with which the defendant might be charged is based solely on the promises made by the defendant in this agreement. If the defendant breaches this plea agreement, the United States retains the right to proceed with the original charges and any other criminal violations established by the evidence. The defendant expressly waives its right to challenge the initiation of the dismissed or additional charges against it if it breaches this agreement. The defendant expressly waives its right to assert a statute of limitations defense if the dismissed or additional charges are initiated against it following a breach of this agreement. The defendant further understands and agrees that, if the Government elects to file additional charges against it following its breach of this plea agreement, it will not be allowed to withdraw its guilty plea.

**8. Preparation of Presentence Report.** The defendant understands that the United States will provide to the Court and the United States Probation Office a government version of the offense conduct. This may include information concerning the background, character and conduct of the defendant, including the entirety of its criminal activities. The defendant understands that these disclosures are not limited to the count to which it has pleaded guilty. The United States may respond to comments made or positions taken by the defendant or the defendant's counsel, and may correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The United States and the defendant expressly reserve

6

the right to speak to the Court at the time of sentencing pursuant to Rule 32(i)(4) of the Federal Rules of Criminal Procedure.

**9. <u>Withdrawal of Plea</u>.** Either party reserves the right to withdraw from this plea agreement for any or no reason at any time prior to the entry of the defendant's plea of guilty and its formal acceptance by the Court. In the event of such withdrawal, the parties will be restored to their pre-plea agreement positions to the fullest extent possible. However, after the plea has been formally accepted by the Court, the defendant may withdraw its plea of guilty only if the Court rejects the plea agreement or if the defendant can show a fair and just reason for requesting the withdrawal. The defendant understands that, if the Court accepts its plea of guilty and this plea agreement but subsequently imposes a sentence that is outside the defendant's applicable Sentencing Guidelines range, or imposes a sentence that the defendant does not expect, like or agree with, it will not be permitted to withdraw its plea of guilty.

**10. <u>Agreed Guidelines Applications</u>.** With respect to the application of the Sentencing Guidelines to this case, the parties stipulate and agree as follows:

    a. The Sentencing Guidelines do not bind the Court and are advisory in nature;

    b. The applicable Guidelines section for the offense of conviction is Chapter Eight of the Sentencing Guidelines, [parts A, B, C, D, and E,] regarding restitution, remedial orders, community service, fines, probation, and special assessment. The defendant understands that the United States Sentencing Guidelines relating to the sentencing of organizations does not apply to the imposition of fines for environmental crimes. See U.S.S.G. § 8C2.1 (Commentary-Background). The defendant understands that the Probation Office and the Court will determine the applicability;

    c. The defendant has admitted its guilt and clearly accepted responsibility for its actions;

7

d. The amount of fine recommended by the parties is not binding upon the Court or the United States Probation Office, and the Court may impose any fine authorized by law that is not "unreasonable";

e. The defendant consents to judicial fact-finding by a preponderance of the evidence for all issues pertaining to the determination of the defendant's sentence under the United States Sentencing Guidelines, (including the facts that support any specific offense characteristic or other enhancement or adjustment). The defendant waives any right to a jury determination beyond a reasonable doubt of all facts used to determine and enhance the sentence imposed, and waives any right to have those facts alleged in the information. The defendant also agrees that the Court, in finding the facts relevant to the imposition of sentence, may consider any reliable information, including hearsay.

11. **Effect of Non-Agreement on Guidelines Applications.** The parties understand, acknowledge and agree that there are no agreements between the parties with respect to any Sentencing Guidelines issues other than those specifically listed in paragraph 10 and its subsections. As to any other Guidelines issues, the parties are free to advocate their respective positions at the sentencing hearing.

12. **Change in Guidelines Prior to Sentencing.** The defendant agrees that, if any applicable provision of the Guidelines changes after the execution of this plea agreement, any request by the defendant to be sentenced pursuant to the new Guidelines will make this plea agreement voidable by the United States at its option. If the Government exercises its option to void the plea agreement, the United States may charge, reinstate or otherwise pursue any and all criminal charges that could have been brought but for this plea agreement.

13. **Government's Reservation of Rights.** The defendant understands that the United States expressly reserves the right in this case to:

a. oppose or take issue with any position advanced by the defendant at the sentencing hearing which might be inconsistent with the provisions of this plea agreement;

      b. comment on the evidence supporting the charge in the Information;

      c. oppose any arguments and requests for relief the defendant might advance on an appeal from the sentence imposed; and

      d. oppose any post-conviction motion for reduction of sentence, or other relief.

**14. <u>Waiver of Constitutional Rights</u>.** The defendant, by pleading guilty, acknowledges that it has been advised of, understands, and knowingly and voluntarily waives the following rights:

      a. the right to plead not guilty and to persist in a plea of not guilty;

      b. the right to be presumed innocent until its guilt has been established beyond a reasonable doubt at trial;

      c. the right to a jury trial, and at that trial, the right to the effective assistance of counsel;

      d. the right to confront and cross-examine the witnesses who testify against it;

      e. the right to compel or subpoena witnesses to appear on its behalf; and

      f. the right to remain silent at trial, in which case its silence may not be used against it.

The defendant understands that, by pleading guilty, it waives or gives up those rights and that there will be no trial. The defendant further understands that, if it pleads guilty, the Court may ask it questions about the offense to which it pleaded guilty, and if the defendant answers those questions under oath and in the presence of counsel, its answers may later be used against it in a prosecution for perjury or making a false statement. The defendant also understands that it has pleaded guilty to a misdemeanor offense.

9

**15. Waiver of Appellate and Post-Conviction Rights.**

a. The defendant acknowledges, understands and agrees that, by pleading guilty pursuant to this plea agreement, it waives its right to appeal or collaterally attack a finding of guilt following the acceptance of this plea agreement, except on grounds of (1) ineffective assistance of counsel; or (2) prosecutorial misconduct; and

b. The defendant expressly waives its right to appeal its sentence, directly or collaterally, on any ground except claims of (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence. An "illegal sentence" includes a sentence imposed in excess of the statutory maximum, but does *not* include less serious sentencing errors, such as a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence. However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may, as part of the Government's appeal, cross-appeal its sentence as authorized by 18 U.S.C. § 3742(a) with respect to any issues that have not been stipulated to or agreed upon in this agreement.

**16. Financial Obligations.**

By entering into this plea agreement, the defendant represents that it understands and agrees to the following financial obligations:

a. The Court must order restitution to the victim of the offense to which the defendant is pleading guilty. The defendant agrees that the Court may order restitution in connection with the conduct charged in any counts of the Information which are to be dismissed and all other uncharged related criminal activity.

b. The United States may use the Federal Debt Collection Procedures Act and any other remedies provided by law to enforce any restitution order that may be entered as part of the sentence in this case and to collect any fine.

c. The defendant will fully and truthfully disclose all assets and property in which it has any interest, or over which the defendant exercises control directly or indirectly, including assets and property held by a spouse, nominee or other third party. The defendant's disclosure obligations are ongoing, and are in force from the execution of this agreement until the defendant has satisfied the restitution order in full.

d. Within 10 days of the execution of this plea agreement, at the request of the USAO, the defendant agrees to execute and submit (1) a Tax Information

10

Authorization form; (2) an Authorization to Release Information; (3) a completed financial disclosure statement; and (4) copies of financial information that the defendant submits to the U.S. Probation Office. The defendant understands that compliance with these requests will be taken into account when the United States makes a recommendation to the Court regarding the defendant's acceptance of responsibility.

      e. The defendant hereby authorizes the USAO to obtain a credit report pertaining to it to assist the USAO in evaluating the defendant's ability to satisfy any financial obligations imposed as part of the sentence.

      f. The defendant understands that a Special Assessment will be imposed as part of the sentence in this case. The defendant promises to pay the Special Assessment of $125 by submitting a satisfactory form of payment to the Clerk of the Court prior to appearing for the sentencing proceeding in this case. The defendant agrees to provide the Clerk's receipt as evidence of its fulfillment of this obligation at the time of sentencing.

      g. The defendant certifies that it has made no transfer of assets or property for the purpose of (1) evading financial obligations created by this Agreement; (2) evading obligations that may be imposed by the Court; nor (3) hindering efforts of the USAO to enforce such financial obligations. Moreover, the defendant promises that it will make no such transfers in the future.

      h. In the event the United States learns of any misrepresentation in the financial disclosure statement, or of any asset in which the defendant had an interest at the time of this plea agreement that is not disclosed in the financial disclosure statement, and in the event such misrepresentation or nondisclosure changes the estimated net worth of the defendant by ten thousand dollars ($10,000.00) or more, the United States may at its option: (1) choose to be relieved of its obligations under this plea agreement; or (2) let the plea agreement stand, collect the full forfeiture, restitution, and fines imposed by any criminal or civil judgment, and also collect 100% (one hundred percent) of the value of any previously undisclosed assets. The defendant agrees not to contest any collection of such assets. In the event the United States opts to be relieved of its obligations under this plea agreement, the defendant's previously entered pleas of guilty shall remain in effect and cannot be withdrawn.

      17. **<u>Waiver of FOIA Request.</u>** The defendant waives all of its rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including,

without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

18. **Waiver of Claim for Attorney's Fees.**  The defendant waives all of its claims under the Hyde Amendment, 18 U.S.C. § 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

19. **Defendant's Agreement to Destruction of Biological Evidence.**  In accordance with 18 U.S.C. § 3600A(c)(2), the defendant knowingly and voluntarily waives its right to request DNA testing of any biological evidence which may have been obtained or seized by law enforcement in its case.  The defendant agrees that all biological evidence which may have been obtained or seized may be destroyed by law enforcement authorities.

20. **Defendant's Breach of Plea Agreement.**  If the defendant commits any crimes, violates any conditions of release, or violates any term of this plea agreement between the signing of this plea agreement and the date of sentencing, or fails to appear for sentencing, or if the defendant provides information to the Probation Office or the Court that is intentionally misleading, incomplete or untruthful, or otherwise breaches this plea agreement, the United States will be released from its obligations under this agreement.  The defendant, however, will remain bound by the terms of the agreement, and will not be allowed to withdraw its plea of guilty.

The defendant also understands and agrees that, in the event it violates this plea agreement, all statements made by it to law enforcement agents subsequent to the execution of this plea agreement, any testimony given by it before a grand jury or any tribunal, or any leads from such statements or testimony, shall be admissible against it in any and all criminal proceedings.  The defendant waives any rights that it might assert under the United States Constitution, any statute,

12

Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule that pertains to the admissibility of any statements made by it subsequent to this plea agreement.

21. **Defendant's Representations.** The defendant acknowledges that it has entered into this plea agreement freely and voluntarily after receiving the effective assistance, advice and approval of counsel. The defendant acknowledges that it is satisfied with the assistance of counsel, and that counsel has fully advised it of its rights and obligations in connection with this plea agreement. The defendant further acknowledges that no threats or promises, other than the promises contained in this plea agreement, have been made by the United States, the Court, its attorney, or any other party to induce it to enter its plea of guilty.

22. **No Undisclosed Terms.** The United States and the defendant acknowledge and agree that the above-stated terms and conditions, together with any written supplemental agreement that might be presented to the Court in camera, constitute the entire plea agreement between the parties, and that any other terms and conditions not expressly set forth in this agreement or any written supplemental agreement, do not constitute any part of the parties' agreement and will not be enforceable against either party.

23. **Standard of Interpretation.** The parties agree that, unless the constitutional implications inherent in plea agreements require otherwise, this plea agreement should be interpreted according to general contract principles and the words employed are to be given their normal and ordinary meanings. The parties further agree that, in interpreting this agreement, any drafting errors or ambiguities are not to be automatically construed against either party, whether or not that party was involved in drafting or modifying this agreement.

Matt J. Whitworth
					Acting United States Attorney
			By

Dated  9/02/09				/s/ Robyn L. McKee
					Robyn L. McKee
					Assistant United States Attorney

	The defendant has consulted with its attorney and fully understands all of its rights with respect to the offense charged in the Information.  Further, the defendant has consulted with its attorney and fully understands its rights with respect to the provisions of the Sentencing Guidelines.  The defendant has read this plea agreement and carefully reviewed every part of it with its attorney.  The defendant understands this plea agreement, and voluntarily agrees to it.


Dated  9/02/09				*/s/ McCracken Holdings, Inc., dba Culligan of Springfield*
					McCracken Holdings, Inc.,
					dba Culligan of Springfield
					Defendant

	I am the attorney representing defendant McCracken Holdings, Inc., dba Culligan of Springfield.  I have fully explained to the defendant its rights with respect to the offense charged in the Information.  Further, I have reviewed with the defendant the provisions of the Sentencing Guidelines which might apply in this case.  I have carefully reviewed every part of this plea agreement with the defendant.  To my knowledge, the defendant's decision to enter into this plea agreement is an informed and voluntary one.


Dated  9/02/09				/s/ John R. Price
					John Price
					Attorney for Defendant

14